RECEIVED
SDNY PRO SE OFFICE

2025 MAY 22  PM 2:37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
UNITED STATES OF AMERICA, EX REL.             Case No.:1:25-CV-3658 (LTS)
 Plaintiff,


V.
SEALED DEFENDANTS
-------------------------------------------------------

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF-RELATOR'S
## MOTION FOR RECONSIDERATION and NUNC PRO TUNC
## PRESERVATION OF TIMELY FILING


## I. PRELIMINARY STATEMENT

Plaintiff-Relator respectfully submits this Memorandum of Law in support of the Motion for
Reconsideration of this Court's Order dated May 9, 2025, which denied Plaintiff leave to proceed
pro se in this qui tam action under the False Claims Act (FCA), 31 U.S.C. § 3729 et seq., and
threatened dismissal if Plaintiff did not secure counsel within thirty (30) days. The Order also
denied Plaintiff's application to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.
Plaintiff-Relator also seeks NUNC PRO TUNC Preservation of Timely Filing as it appears that
the Court used its seven day deliberation of the IFP application as a procedural vehicle to wholly
extinguish PR's claim blanketed under the misapplication of pro se relator case law.  Plaintiff
seeks said reconsideration and *nunc pro tunc* preservation of timely filing under Federal Rules of
Civil Procedure 54(b)) and 60(a) and 60(b)(1) and (6), due to misapplication of precedent,
procedural irregularities, and constitutional violations affecting Plaintiff's right to redress and
granting PR's Motion to Proceed pursuant to the First Bill of Right.

This memorandum is filed in support of preserving the federal question, constitutional claims,
and timely filed complaint, and still pending Motion to Proceed Pursuant to the First Bill of
Rights.  The Memorandum also incorporates by reference the separately filed **Notice of
Objections and Constitutional Objection** pursuant to Rule 46 which outlines additional
constitutional violations, and the **Rebuttal to the Misapplication of Law** pertaining to the FCA.

## II. STANDARD OF REVIEW

A motion for reconsideration under Rule 54(b) may be granted to correct clear error of law or
prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,
1255 (2d Cir. 1992). Rule 60(b)(1) allows relief for "mistake, inadvertence, surprise, or

excusable neglect," and Rule 60(b)(6) permits relief for "any other reason that justifies relief," particularly when the interests of justice and due process demand it.

## III. ARGUMENT

Plaintiff-relator objects to the Court's misapplication of the law and infringement of constitutional protections, including the Due Process Clause of the Fifth Amendment, and the Ninth and Tenth Amendments of the Constitution for the United States and apparent partiality. Plaintiff-relator further objects to what appears to be a summary denial of substantive rights under the False Claims Act (FCA) without meaningful review or adherence to applicable procedural safeguards, such as the FCA's in camera filing period.

The Court issued an Order dated May 9, 2025—less than ten business days after the complaint was docketed—and did so without proper regard for the 60-day in camera review period mandated under 31 U.S.C. § 3730(b)(2). Moreover, the Order was not mailed until May 14, 2025, postmarked from outside the courthouse, which effectively shortens Plaintiff-relator's opportunity to respond within the time permitted under FRCP. *A copy of the Order dated May 9, 2025 and the envelope(postmarked May 14, 2025 Westchester) conntaining that Order is attached hereto as* **Exhibit A.**

Plaintiff-relator is concerned that this sequence of procedural irregularities creates at minimum the appearance of partiality, bias, conflict of interest and potentially an abuse of discretion, warranting reconsideration. Federal Rule of Civil Procedure 54(b)) allows for amendment of a judgment to correct clear error or prevent manifest injustice. *See* Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992); *see also* United States ex rel. Einstein v. City of New York, 556 U.S. 928, 932 (2009) (recognizing the standard for reconsideration).

Furthermore, Plaintiff-relator maintains that the blanket denial of pro se FCA filings—without addressing the relator's direct personal interest and injury arising from the asserted fraudulent use of federally funded public resources—constitutes clear legal error under the standard of review set forth in *United States ex rel. Rockwell Int'l Corp. v. United States*, 549 U.S. 457 (2007), which permits relators with personal knowledge and injury to pursue FCA actions. Failure to consider these individual circumstances appears to deny access to the courts, violates the right of redress secured by Constitution and undermines the statutory scheme of the FCA. Based on the foregoing the IFP denial cannot serve as the basis for dismissal of PR's complaint without an opportunity to proceed on non-FCA claims. PR supports this argument as follows:

## IV. The Court Misapplied the Law Concerning Pro Se Status in FCA Actions

**A. *Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116 (9th Cir. 2007)**

In *Stoner*, the relator had no claim of personal harm and sought to proceed solely on behalf of the government. Here, PR's claim stems from direct injury by the allegedly fraudulent scheme. *Stoner* does not address relators with both public and private claims arising from the same operative facts.

**B. *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89 (2d Cir. 2008)**

*Flaherty* involved a corporate relator with no personal stake in the controversy. By contrast, PR suffered a concrete injury traceable to defendants' misuse of federal resources. Standing under *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), must consider whether the injury falls within the zone of interests protected by the statute.

**C. *Iannaccone v. Law*, 142 F.3d 553 (2d Cir. 1998)**

*Iannaccone* is a general rule prohibiting non-lawyers from representing others. PR is not representing a third party or the government in isolation, but is appearing **pro se to vindicate individual rights** under both the FCA and civil rights statutes. See also *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998): injury-in-fact confers Article III standing.

---

## V. ACCESS TO COURT AND THE "WE THE PEOPLE" PRINCIPLE

The First Amendment and the Petition Clause guarantee the right of the People to access the courts without being forced to sell their justice. *Newman v. Piggie Park Enters.*, 390 U.S. 400, 402 (1968), emphasized that procedural bars cannot be used to block litigation vindicating public rights. Here, where PR is both relator and victim, procedural elevation of form over substance contravenes justice.

---

## VI. Preservation of Timely Filing Must Be Affirmed

Plaintiff's § 1983, § 1985, and § 1986 claims were filed **within the applicable limitations period**, and were **not contingent** upon the outcome or viability of the FCA claim. To allow the entire action to be dismissed — or deemed untimely — due to denial of pro se status in a **single cause of action** would produce an unjust result and violate due process.

1. The record reflects that PR timely filed her claims on May 1, 2025.
2. The record reflects that the Order dated May 9, 2025 wholly dismisses those claims based on the pro se relator status in relation to the FCA portion of the complaint.

The court knows or should know that the court's inviting PR to re-file the Title 42 and civil claims separately would effectively extinguish all of PR's claims unless the time is tolled to relate back to the original filing.

Courts have long recognized the importance of preserving **individual constitutional claims** even when related claims are procedurally barred or require special handling:

> *"Pro se pleadings are held to less stringent standards than formal pleadings drafted by lawyers." – Haines v. Kerner*, 404 U.S. 519, 520 (1972).

PR invokes the "relation back" doctrine or equitable tolling, to preserve the filing date for all claims.

a) **Relation Back Doctrine applies** because PR timely filed her complaint which included not only FCA claims but individual constitutional and civil rights claims which would be extinguished if the court order's a separate filing..

b) **Equitable tolling-** if the Court insists or not considering that PR has a personal interest in the FCA claims unlike some relators about whom the cases the court's case citations relates, but thie PR's case is distinctly different in that this PR has standing related to the personal private property which is the subject of the FCA claim.

c) **Continuing violation doctrine** as defendants unlawfully seized plaintiff's private car to the NYPD tow pound and vouchered it as r#4245580 under color of law and in violation of the 1st, 4th and 5th Bill of Rights and to date has not returned it to PR. Thus, defendants acts are a continuing violation of PR's rights and the Court must stay dismissal, and delay the entry of final judgment, as a matter of law, the supreme law of the Land.

**The Order of May 9, 2025 was improperly issued using the Denial of IFP as its basis**

The record reflects that the rejection of the IFP application was apparently a procedural tactic to wholly extinguish PR's complaint wrap in a misapplied conclusion that PR could not proceed as a pro se relator- apparently based on politics and gatekeeping— which constitutes both procedural error and a violation of Plaintiff's secured Constitutional protections and federally protected rights. The Court did not address PR's First Amendment motion to access the court. Denying access to the courts on the basis of inability to tender Federal Reserve Notes amounts to a de facto "justice for sale" barrier prohibited under the Constitution.

**The following facts support the appearance of the Court's Partiality**:

The record reflects that this case was immediately assigned to the Chief Justice who within seven business days of the filing of PR's claim issued an Order dated May 9, 2025 that would procedurally wholly extinguish PRs claims all under the guise that it was initially based on the denial of an IFP.

The record reflects that the Court misapplied case law, as outlined above, to justify a pending dismissal couched in an Order denying an IFP and FCA relator status. The fact that the Order

was made less than ten days after the filing, assigned directtly to a Chief Justice, deliberately delayed mailing of the Order, a mailing made outside of the court somewhere in Westchester according to the Postmark, the Court's misapplication of law that even a Pro Se can point out, its denial of constitutional access to the courts via the misapplied 28 U.S.C. § 1915, and failure to recognize PR's personal interest in the underlying factual and legal claims and preserving the filing as well as its failure to consider the Plaintiff-Relator's Motion to Proceed pursuant to the First Bill of Rights… which is still pending, all of which are an appearance of impropriety couched in political gatekeeping tactics and confirms the appearance of bad faith. See Order dated May 9, 2025

The record reflects that on May 1, 2025 Plaintiff-Relator filed a mandatory IFP application simultaneously with the Complaint and a Notice and Motion to Proceed Pursuant to the First Bill of Right without paying fees.  The court knew or should have known that PR repeatedly refuted the status associated with the IFP as inapplicable to PR including the simultaneous filing of PR's motion to proceed pursuant to the First Amendment and PR's constitutional response to each IFP question. . The court also had an obligation to address the Motion but deliberately failed to because it was constitutionally based and is still pending. *A copy of PR's First Bill of Right Motion is attached hereto as* **Exhbit B.**

The record reflects that the IFP application  filed by PR indicates that no financial information was provided, in fact PR listed and invoked the 1st, 4th and 5th Bill of Rights in response to each question.  PR only filed the IFP because it was mandatory or the clerk would not accept the filing.  *A copy of the IFP dated May 1, 2025 is attached hereto as* **Exhibit C.**


As this Court has long recognized, access to courts is "a fundamental right" protected by the Constitution. See Boddie v. Connecticut, 401 U.S. 371, 374 (1971). Even if Plaintiff does not meet a court's preference for fee payment method, denial of entry to court cannot rest on arbitrary or discriminatory standards, especially in matters implicating public corruption, civil rights, and the FCA. Based on the foregoing the IFP denial cannot serve as the basis for dismissal of PR's complaint without an opportunity to proceed on non-FCA claims

### VII. The Order's Timing and Handling Suggest Procedural Irregularity and Bad Faith

The record reflects that PR filed the Complaint on May 1, 2025. The Order is dated May 9, 2025, a mere seven business days later. However, the envelope used to transmit the Order was postmarked May 14, 2025 from a Westchester location—an unexplained five-day delay from the Order's date. These irregularities raise concerns of procedural manipulation, especially given the serious nature of the constitutional and federal claims at issue and the Court's own reliance on Plaintiff's "pro se" status in defining deadlines.

The record reflects that the subject Order was dated May 9, 2025, and issued just **seven business days** after the complaint was filed. Said Order was mailed May 14, 2025 from Westchester per the postmark—raising serious concerns of **bad faith gatekeeping** and procedural irregularities that prejudiced Plaintiff-Relator's ability to respond. See Exhibit A.

The record reflects that the Court did not comply with the 60 day in camera review nor took the time to sufficiently review PR's complaint as supported by the Court's use of inapplicable case law to deny PR's right to redress.

The record reflects that the Court's statement to expose PR's personal identifiable information including address and phone number if PR responded with the caption as it was filed was a threat that would potentially expose PR to further harassment from the bad faith defendants. The Court placed plaintiff's name in the caption of its Order but sealed the defendants. Thus, it appears that the Court is acting with partiality and gatekeeping.

The record reflects that Plaintiff-relator's case was timely filed, however, the court's 30-day deadline (to get counsel or face dismissal) could indeed operate to extinguish claims that cannot be refiled due to statute of limitations expiration. This raises serious due process concerns if: The denial of pro se standing for the FCA claim is used as a pretext to dispose of the entire complaint, including PR's claims under §§ 1983, 1985, and 1986, which PR permitted to bring pro se.

The failure to seal the FCA component or honor the 60-day in camera review required under 31 U.S.C. § 3730(b)(2) further supports the conclusion that the Court deviated from procedural norms, prejudicing Plaintiff's position.

The record reflects that these irregularities, when viewed together, raise concerns regarding the appearance of partiality or a potential effort to shield public officials from accountability. Such appearance undermines public confidence in the impartial administration of justice. Based on the foregoing the IFP denial cannot serve as the basis for dismissal of PR's complaint without an opportunity to proceed on non-FCA claims.

## VII.    INCORPORATION BY REFERENCE

Plaintiff incorporates by reference:

- The **Notice of Constitutional Objection** (filed May 2025);

- The **Rebuttal to the Misapplication of Law** (filed May 2025);

- The **Motion to Preserve and Clarify Timely Filing** (filed May 2025); and

- All factual and legal bases supporting Plaintiff's right to proceed under the Constitution for the United States.

**Preservation of Objection under Rule 46**

Plaintiff-Relator invokes **Federal Rule of Civil Procedure 46** to preserve for the record all papers filed in this matter including but not limited to objections to the Court's May 9, 2025 Order, its misapplication of the law governing pro se relators under the FCA, its denial of constitutional access to the courts via 28 U.S.C. § 1915, it failure to address PR's constitutional motion dated May 1, 2025 and its failure to consider the Plaintiff-Relator's personal interest in the underlying factual and legal claims. These objections are preserved for all future proceedings, including appeal.

## IX. CONCLUSION

For the foregoing reasons, and in the interest of justice, Plaintiff-Relator respectfully requests that the Order dated May 9, 2025 must be modified to permit PR to proceed as a pro se relator, and to preserve the time of filing *nunc pro tunc* of all of PR's claims pursuant to the Relation Back Doctrine, Equitable Tolling and Conntinued Violation and grant Plaintiff's First Amendment Motion to access to the Court.

Respectfully submitted,

I, Marilyn Daniels, a woman, certify without the United States that the foregoing is true and correct to the best of my knowledge and not made for nor intended to be used for fraud, misprision, misrepresentation nor usurpation and I believe it to be true. All Rights Reserved.

By: *Marilyn Daniels*, Plaintiff-Relator
One of 'we the people" All Rights Reserved
Non-resident/non-subject

Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES EX REL. MARILYN
DANIELS,

                          Plaintiff,

        -against-

SEALED DEFENDANT, et al.,

                          Defendants.

---

1:25-CV-3658 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Marilyn Daniels, of Brooklyn, New York, who is proceeding *pro se*, brings this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, as well as under 42 U.S.C. §§ 1983, 1985, and 1986, and under state law. Plaintiff seeks to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

The FCA imposes civil liability on any person who, among other things, knowingly presents, or causes to be presented, to an officer or employee of the federal government, a false or fraudulent claim for payment or approval. 31 U.S.C. § 3729(a). The federal government, or a private person (known as a "relator"), may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

Relators act as "partial-assignees of the United States' claim to recovery," *United States ex rel. Eisenstein v. City of New York*, 540 F.3d 94, 101 (2d Cir. 2008) (citation omitted), and the United States "remains the real party in interest," *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (internal quotation marks and citation omitted). In order to proceed *pro se*, "[a] person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see* 28 U.S.C. § 1654. Because a *qui tam* action is "not

Exhibit "A"
to B Relators Supplemental Memorandum allow
1:25-CV-3658                    Reconsideration

the relator's 'own' case . . . , nor one in which [s]he has 'an interest personal to [her],'" a litigant cannot pursue such an action *pro se*. *See Flaherty*, 540 F.3d at 93 ("Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se*." (citing § 1654 and quoting *Iannaccone*, 142 F.3d at 558)).

Accordingly, because Plaintiff cannot proceed *pro se* with a *qui tam* action, the Court grants Plaintiff 30 days' leave to either: (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the Court will dismiss this action without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to proceed *pro se* with non-FCA claims arising from the same facts, she may do so by bringing a separate civil action.

The FCA provides that "the complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders." 31 U.S.C. § 3730(b)(2).[1] After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and all subsequently filed documents.[2] The seal shall also be lifted as to Plaintiff's identity and mailing address, and the Clerk of Court is directed to list Plaintiff's name and mailing address on the public docket.

---

[1] The purpose of this requirement "is to allow the government time to investigate the alleged false claim and to prevent *qui tam* plaintiffs from alerting a putative defendant to possible investigations." *United States ex rel. Grupp v. DHL Express (USA), Inc.*, 742 F.3d 51, 54 (2d Cir. 2014) (citing *United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 998-99 (2d Cir. 1995)).

[2] Until the action is fully unsealed, further documents that Plaintiff files should list Defendants as "sealed defendants." If Plaintiff files documents with Defendants' names before this action is fully unsealed, public access will be restricted.

## CONCLUSION

The Court grants Plaintiff 30 days' leave to either: (1) retain an attorney, who must file a notice of appearance; or (2) withdraw this action. If Plaintiff does not retain an attorney or withdraw this action within 30 days of the date of this order, the Court will dismiss this action without prejudice without further order of the Court and judgment shall enter. If Plaintiff wishes to assert non-FCA claims arising from the same facts, she may do so by filing a separate civil action and paying the filing fees or applying to proceed IFP in that new civil action.

After *in camera* review of Plaintiff's complaint, the Court directs that the seal shall be lifted as to this order and all subsequently filed documents. The seal shall also be lifted as to Plaintiff's identity and mailing address, and the Clerk of Court is directed to list Plaintiff's name and mailing address on the public docket.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 9, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

```
From:NYSD_ECF_Pool@nysd.uscourts.gov
To:CourtMail@localhost.localdomain

Message-Id:<33003007@nysd.uscourts.gov>
Subject:Activity in Case 25-3658 Sealed v. Sealed (Redacted Notice)
Content-Type: text/plain
This is an automatic e-mail message generated by the CM/ECF system.
Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** There is no charge for viewing opinions.


***NOTE: This docket entry (or case) is SEALED.  Do not allow it to be seen by u
nauthorized persons.


U.S. District Court
Southern District of New York

Notice of Electronic Filing
The following transaction was entered  on 5/12/2025 10:06 AM EDT and filed
on 5/9/2025

Case Name: ABC v. DEF

Case Number: 1:25-cv-03658-LTS *SEALED*
https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?641702

Filer:


Document Number: 2


Copy the URL address from the line below into the location bar
of your Web browser to view the document:
https://ecf.nysd.uscourts.gov/doc1/127137502216?caseid=641702&de_seq_num=11&magi
c_num=MAGIC


Docket Text:
ORDER:  The Court grants Plaintiff 30
days leave to either: (1) retain an  attorney, who must file a notice of
appearance; or (2) withdraw this action. If Plaintiff does not retain  an
attorney or  withdraw this action within 30 days of the date of this order,
the Court will  dismiss this action  without prejudice without further order
of the Court and judgment shall enter.  If Plaintiff wishes  to assert non-FCA
claims arising from the same facts, she may do so by filing a  separate civil
action and paying the filing fees or applying to proceed IFP in that new
civil   action. After in camera review of Plaintiffs complaint, the Court
directs that the  seal shall be lifted as  to this order and all subsequently
filed documents. The seal shall also be  lifted as to Plaintiffs  identity
and mailing address, and the Clerk of Court is directed to list   Plaintiff's
name and  mailing address on the public docket. The Court certifies, under
28 U.S.C. § 1915(a)(3), that any appeal from this  order would not be
 taken in good faith and, therefore, IFP status is denied for the purpose
of an  appeal. See Coppedge  v. United States, 369 U.S. 438, 444-45 (1962).
So Ordered.  (Signed by Judge Laura Taylor Swain on 5/9/2025)    (js)


1:25-cv-03658-LTS *SEALED* No electronic public notices will be sent because
the case/entry is sealed.

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: n/a
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1008691343 [Date=5/12/2025] [FileNumber=33003006-0]
[3cbea0d0c4004b626a25908573195b8c6399b268ca69f3bd0105e13cead77b33ea1f799bab4fc78
343e662c27a88f9e74c7ba54813b319c836eafffc59589171]]
```

WESTCHESTER NY 105

14 MAY 2025PM 1

quadient
FIRST-CLASS MAIL
IMI
$000.59
06130/2025 ZIP 10601
043M30435244

LEGAL MAIL

PRO SE OFFICE

11217-143363

CLERK OF COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
CHARLES L. BRIEANT, JR.
FEDERAL BUILDING AND UNITED STATES COURTHOUSE
300 QUARROPAS STREET
WHITE PLAINS, NY 10601

OFFICIAL BUSINESS

Marilyn Daniels
25 Lafayette Street #6C
Brooklyn, NY 11217

Exhibit "A"
to Prelators' Supplemental Memorandum of Law.
1:25-CV-3658

Exhibit "B"

at United States District Court
Southern District New York State republic
---------------------------------------------------------------------------I

UNITED STATES OF AMERICA, ex rel Marlyn Daniels,
Petitioners


-against-


THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD TRAFFIC ENFORCEMENT,
JOHN DOE NYPD OFFICERS 1-5(in her official and
individual capacities), Proshana R. Harriott of the
88th Precinct (official and individual capacity) Detective Eli
of NYPD Internal Affairs( official and individual capacity), and
Eric Basin,Commissioner NYPD Tow Pound (official and
individual capacity),  Preston Niblack, Commissioner NYC
Department of Finance(official and individual capacity,)
NYC Department of Finance Vehicles Bureau/Bureau of
Towing, Voucher#4245580, and Miguel A. Iglesias,
republic
Commissioner NYPD IAB (official and individual capacity),
Respondents.
---------------------------------------------------------------------------I

Case Number: 1:25-CV-3658

**Notice** and **Motion to Proceed**
Pursuant to the First Bill of
Right of the supreme Law of the
Land without paying fees to
Access the Article III court

at country: New York state

        COMES NOW, TAKE NOTICE that Petitioner Relator 'one of we the people' invokes the

supreme Law of the Land, pursuant to and upon the Word of God, secured and reserved rights of 'we

the people' per 1st, 4th , 5th , 6th, 7th , 8th , 9th and 10th  Amendments and Article III, sect.1 and  2 and

Article IV sect. 1 and 2, and Article VI, cl. 2 of the Constitution for the United States of America,

organic, major, the republic in congress assembled First Continental Congress 1791(supreme Law of

the Land), Law and Equity and Treaties: Articles 7, 8, 9 and 28 of the United Nations

DECLARATION on the RIGHTS of INDIGENOUS PEOPLES and upon the attached Affidavits of

claimants: Petitioner Marilyn Daniels, dated April 30, 2025 moves this Court before an Article III

Judge in law and equity to be named, to be held at the Courthouse of the United States District Court

of New York Southern District located at 500 Pearl Street, New York, New York, on the 22nd day of

June, 2025, at 9:30 o'clock in the forenoon of that day or as soon thereafter as the parties may be

heard **on submission papers only (no oral argument/no physical appearances)** to compel the

Court Clerks to honor her Constitutional Oaths and accept petitioner's claim for redress of grievances

and filings without the payment of the mandatory court access fee of $402 or the forced IFP as

follows: **JUSTICE SHALL NOT BE DELAYED DENIED OR SOLD**

        a) An Order granting Petitioner's access to this Court for redress of grievances pursuant to the

Exhibit B
to Relator's Supplemental Memorandum of Law    See Pg 5 of Memo

supreme Law of the Land, First Amendment right to redress of grievances without the payment of any court access fee; and

b) An Order pursuant to the supreme Law of the Land 1st, 4th, 5th, 6th, 7th, 8th, 9th and 10th Amendments of the supreme Law of the Land prohibiting the Court Clerks from compelling petitioners to file a mandatory *in forma pauperis* (IFP) form and identify under an IFP status ("prisoners, paupers, poor persons, indigent" or statutorily defined pro se as opposed to attorney-in fact/attorney per cplr105(c ) to obtain access to this Court for redress of grievances without the required payment of any court access fee; and

c) for other and further relief that is just and proper for petitioners as secured by the supreme Law of the Land, the republic.

Dated: 30th day of April, 2025

All Rights Reserved  29th day of April, 2025
By: *Marilyn Daniels*, one of 'we the people'
Beneficiary of the Trust, All Rights Reserved
Attorney cplr105(c)/Attorney-in-fact
Daughter of the most High citizen of Heaven
Non-resident/Non-subject
Mail to: % 25 Lafayette Avenue 6C
Brooklyn New York republic[NFTZ]

at United States District Court
Southern District New York State republic
-----------------------------------------------------------------------I
UNITED STATES OF AMERICA, ex rel Marlyn Daniels,
Petitioners

-against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD TRAFFIC ENFORCEMENT,
JOHN DOE NYPD OFFICERS 1-5(in her official and
individual capacities), Proshana R. Harriott of the
88th Precinct (official and individual capacity) Detective Eli
of NYPD Internal Affairs( official and individual capacity), and
Eric Basin,Commissioner NYPD Tow Pound (official and
individual capacity),  Preston Niblack, Commissioner NYC
Department of Finance(official and individual capacity,)
NYC Department of Finance Vehicles Bureau/Bureau of
Towing, Voucher#4245580, and Miguel A. Iglesias,
Commissioner NYPD IAB (official and individual capacity),
Respondents.
republic

Case Number:

**Affidavit in Support of Notice** and
**Motion to Proceed pursuant**
First Bill of Right of supreme Law of
Land Right to Redress without paying fees

at country: New York state

-----------------------------------------------------------------------I
I, Marilyn Daniels, a woman, private, one of the people, as seen in the preamble of the **supreme Law of the Land and the union state constitutions,** pursuant to and upon the Word of God, invoke my secured reserved rights per 9th and 10th Amendments and Article III, sect.1 and 2 and Article IV sect. 1 and 2, and Article VI, cl. 2 and 1st, 4th , 5th , 6th, 7th , 8th , 9th and 10th  Amendments of the Constitution for the United States of America, organic, major, the republic in congress assembled First Continental Congress 1791, Law and Equity and Articles 7, 8, 10, 26 and 28 of the United Nations DECLARATION on the RIGHTS of INDIGENOUS PEOPLES, plaintiff does not stand as a surety for anyone or any thing. Petitioner moves this court per Article VI of the Constitution for review by an Article III judge in law and equity to  upon personal knowledge unless otherwise indicated for an Order to compel the Court Clerks to honor her Constitutional Oaths and accept petitioners claim for redress of grievances for filing **without the payment** of the mandatory court access fee of $402 and without the mandatory IFP in lieu of fee as follows:
### MEMORANDUM On and for the Record
### JUSTICE SHALL NOT BE FOR SALE, DELAY OR DENIAL
**Federal Questions:**
    I.  Can a Court compel 'we the people' to conform to/take on a certain status(prisoner, pauper, poor person, indigent, ward) to gain access to the Court for 1st amendment secured right to redress?
    II.  Is the mandatory court access fee of $405 of the U.S. District Court souther District of New York a violation of the First Amendment secured right to redress, right against forced speech and religious freedom?
    III.  Was the Congressional intent of the first amendment secured right to redress the sale of justice via the mandatory payment of a fee to access courts for redress of grievances?
    IV.  Does the requirement of the IFP (*in forma pauperis*) for the people who cannot or will not pay the court access fee of $405 violate the 'we the peoples' Constitutionally secured rights, e.g.: first

amendment right to redress, right against forced speech, and religious freedom, 4th amendment right to be secured in one's papers and things, 5th amendment right to remain silent, 8th amendment right against excessive fine for attempting to access the court to redress grievances, and 9th and 10th amendment rights reserved to the people?

V. Does refusal or inability to pay the $405 court access fee require the people to relinquish her status or change her status to meet the requirement of 28 USC 915 to access the Article III courts for redress of grievance?

<u>Authorities:</u>                                   **Word of God**

I am Divinely protected. Thank you for preserving me O God: for in thee do I put my trust.

Whereas it is written: I have set the LORD always before me: because he is at my right hand, I shall not be moved.

Whereas it is written: For thou has been a shelter for me, and a strong tower from the enemy.

Whereas it is written: The name of the LORD is a strong tower: the righteous runneth unto it, and is safe.

Whereas it is written: He that planted the ear shall he not hear? he that formed the eye, shall he not see?

Whereas it is written: Fret not thyself because of evildoers, neither be thou envious against the workers of iniquity.

Whereas it is written: But the LORD is my defence; and my God is the rock of my refuge.

Whereas it is written: For the LORD will not cast off his people, neither will he forsake his inheritance.

I declare the LORD is my refuge. I dwell in the secret place of the most High. God is for me. LORD LORD JESUS

Whereas it is written: And God said let there be light and there was light.

<u>**Article VI of the supreme Law of the Land:**</u>

"All debts contracted and Engagements entered into before the Adoption of this Constitution, shall be as valid against the United States under this Constitution, as under the Confederation.

This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the authority of the Untied States, shall be the supreme Law of the Land; **and the Judges in every State shall be bound thereby**; any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

...and all executives and **judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; ...**"

## Introduction
### PETITIONERS DO NOT QUALIFY for the *in forma pauperis* (IFP) Transaction

1. Petitioner is one of 'we the people' and hereby invokes the 9th and 10th Amendment of said Constitution for the United States of America and pursuant to my God given rights and secured constitutional rights hereby invokes the 9th and 10th amendments of the supreme Law of the Land.

2. For the Record Petitioner relator utilizes/accesses this Court for redress of grievance via the principles of law and equity, the supreme Law of this Land and Treaties.

3. Petitioner should not be forced/compelled to fill out an In Forma Pauperis form in order to obtain access to redress of grievance.

4. The applying for redress of grievance via an IFP form would force petitioner to change her status from one of 'we the people' to a pauper, prisoner, poor person or ward of the state which would in essence compel petitioner to violate her religious freedom, and relinquish secured rights in order for

the Court to receive funding for such application. Petitioner will not relinquish her religious freedom or other rights.

5.  Petitioner objects to being compelled to take on any forced corporate status creating privileges in lieu of rights.

6.  Petitioner hereby invokes the First, Fourth, Fifth, Ninth and Tenth Amendments of the Constitution for the United States of America, the republic. The right against forced speech, the right to be secure in my person, house, papers and effects against unreasonable searches and seizures; the right to remain silent.Petitioner request to proceed Pro Bono because free access to the courts is a right of the people; privileges are for licenses,wards and those that fall under 28 USC 915. Compelling petitioner to apply under that code would be a forced change of status from one of the people to a ward.  The Constitution says that the government is supposed to promote and maintain the general welfare of the people. Petitioner is not using the court for commerce, petitioner is utilizing the Article III Court for right of redress of grievances. Therefore petitioner invokes the 9th and 10th Amendments and respectfully requests that the court honor its oath particularly Article VI of said Constitution.

7.  This motion respectfully requests that the public servants of this Court (Judicial Officers, Clerks and personnel thereof) honor her Oaths of Office to support and uphold the supreme Land of the Land, e.g. discontinue the unconstitutional denial of secured right to redress of grievances for refusal to pay a mandatory court access fee of any amount.

8.  The supremacy clause of Article VI of the supreme Law of this Land says "the Judges in every State shall be bound thereby."

9.  Petitioner is not applying for a privilege but exercising an unalienable God given right which is secured by  the supreme Law of this Land.

10. The United States District Court Southern District of New York has announced via its website and court clerks that a fee of four hundred and five dollars($405) or an IFP application is required to obtain access to this court for redress of grievances. Petitioner objects to being required to pay any fee or use an IFP form to access this Court.

11. A request for any fee to access any court of record is a violation of the First Amendment right to redress grievances secured by the supreme Law of the Land.

12. Petitioner invokes her first amendment right to redress grievances, right against forced speech and right to religious freedom.

13. The *in forma pauperis* (IFP) status was created out of the courts authorizing "poor persons" "paupers" and "prisoners" to file lawsuits without incurring the costs of the law suit; **it is a court created privilege.**

14. The record reflects that in the federal district courts proceeding via *in forma pauperis* is deemed a

privilege and is discretionary based on the judicial determination of a person being the status of "poor persons" "paupers" and "prisoners" or "indigent".

15. The record also reflects that Clerks, Judges and Magistrates apparently use the case of *Coppedge v. United States*, 369 U.S. 438,444-45(1942) inter alia as the paradigm for denial of IFP applications. However, the *Coppedge* case is based on a prisoner applying for IFP waiver as an indigent and criminal defendantL despite his indigency was still denied access to the court, which contradicts the court created purpose of the IFP.

16. The record reflects that Petitioner is **not** of any status associated with the *in forma pauperis* status(**not** "paupers", "prisoner" "poor persons" or "indigent criminal defendants" or wards of the State or federal employees) and thus do not qualify for the IFP transaction.

17. Petitioner does not qualify for the misapplied, erroneous and forced Status of: criminal, prisoner, pauper, poor person, indigent. Thus, Petitioner do not qualify for the transactions under 28 USC 1915.

18. If this Court is considering the failure to pay the four hundred and five dollars($405) for access to the court as the creation of a debt, then all debts belong to the United States per 12 USC 411 and 12 USC 412. Therefore Petitioner is lawfully entitled to freely access the courts without payment of fees.

19. Petitioner is only exercising rights which cannot be abridged by rulemaking, i.e. form SDNY rev 8/5/2015 such form does not even bear an OMB number.

20. By defining court access so narrowly, the IFP renders silent the right to petition for redress of grievances secured by the First Amendment and inflicts cruel and unusual punishment by baselessly denying Petitioner justice and **selling justice at a specific advertised price ($405) and perhaps a hidden one.**

21. The United States Supreme Court has recognized that the First Amendment clause protects a right of access to the courts, beyond just a right to petition the legislature. The clause also comprehends demands for an exercise by the government of its powers in forbearance of the interest and prosperity of the petitioners. [See, e.g. Bill Johnson's Rests v. NLRB, 461 U.S. 731, 742-43(1983) (holding that the First Amendment protects "[t]he filing and prosecution of a well-founded lawsuit").] **It further goes beyond the narrow idea of "grievances" and comprehends demands for exercises by the government of its powers in furtherance of the interest and prosperity of the petitioners.** [See Eastern R.R. Presidents Conf. v. Noerr Motor Freight, 365 U.S.127(1961)]

22. The record reflects that the U.S. District Court Southern District of New York's demand for an IFP application, enumeration of financial information and identifying under a particular status in lieu of payment of the $405 fee is a violation of the 1st, 4th 5th, 6th, 7th, 8th , 9th , and 10th amendments of the

supreme Law of the Land and right of privacy and is in fact dishonest as the Court receives federal funding. Thus, Petitioner objects.

23. The record reflects that the Petitioner does not qualify to fill out or submit an *in forma pauperis* (IFP) application as the people are not included as applicants only persons and wards for privilege.

24. Petitioner invokes her secured 4th amendment rights to be secure in her persons, houses, papers and effects against unreasonable searches and seizures. Here the court's IFP application requires applicants to provide private information; that is an unlawful search and seizure and invasion of privacy.

25. Petitioner invokes her secured 5th amendment right to remain silent and not be a witness against themselves. Petitioner being forced to provide financial speech is providing witness information that is not required to gain access to the courts.

26. Petitioner invokes her 6th amendment right not to be delayed in seeking redress of grievances. Justice shall not be delayed, denied or sold.

27. Petitioner invokes her 7th amendment right in Suits at common law, where the value in controversy shall exceed twenty dollars right to jury. Petitioner reserves her right to trial by jury of her peers.

28. Petitioner invokes her 8th amendment right against excessive fines and claim that the court clerks demand for payment of four hundred and five dollars ($405) in order for Petitioner to access the court to seek redress of grievances is a bill of attainder, an excessive fine and the sale of justice.

29. Petitioner invokes her 9th amendment rights reserved to 'we the people'. Here the clerks seek to deny Petitioner rights as enumerated in the Constitution, however, we retain our God given rights to speak for ourselves, protect our homes from trespass and eminent domain and not to be forced into any U.S. Corporate status. We exercise our powers and request access to the court for redress of grievances via law and equity, said supreme Law of the Land.

30. Petitioner invokes her 10th amendment reserved rights and powers not delegated to the United States by the Constitution...The powers of the United States are outlined in Article 1 and Article 3 of the supreme Law of the Land. Per Article 1 Section 8 of said Constitution petitioner is not a public official to be governed by your codes. We are the people from whom the government derives its power via consent.

31. Petitioner is beneficiary of the Constitutional Trust and does not consent to be identified under any forced status nor to be forced to pay a fee with a debt note(FRNs) nor admiralty and maritime jurisdiction.

32. The record reflects that Admiralty and Maritime Law applies to public servants and those who have taken Oaths of Office or those who consent. For the record Petitioner does **not** consent.

33. The record reflects that Petitioner is not a public servant and has no active Oaths of office and no

minimum contacts with the state.

34. The record reflects that **Petitioner does <u>not</u> consent to use of a magistrate (attorney) judge to participate in or review this matter**.

35. Petitioner objects to the apparent discriminatory practice of placing people in a forced and/or particular status in order to gain access to the court.

36. Petitioner status is one of 'we the people' from whom governments derive her powers and consent.

37. Petitioner does **not** consent to privileges via government administrative forms and codes.

38. It appears that the Clerks have a pecuniary interest in charging court access fees in violation of the First Amendment right to redress; a violation of the clerks Oath to uphold and support the Constitution or participate in selling justice.

39. The record reflects that the local courts including the United States District Court Southern District of New York receive federal grants to ensure that the people have access to the court. Justice cannot be sold.

40. The record reflects that **'we the people' are the beneficiaries of the trust** created by the supreme Law of the Land. Therefore Petitioner is lawfully entitled to freely access the courts without paying fees.

41. The right to redress extends to all departments of the government, including the "approach of citizens or groups of them to administrative agencies (which are both creatures of the legislature, and arms of the executive) and to courts, the third branch of Government." [See California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 510 (1972).]

42. The IFP is an unnecessary attempt to invade the privacy of and extort the Petitioner. Petitioner made no prior motion for the relief requested herein.

43. Petitioner does **not** consent to admiralty and maritime law.

44. Petitioner does **not** consent to any administrative magistrate.

45. With clean hands and under penalty, these words are true and faithful. [Revelations 22:6]

46. Based on the foregoing petitioner requests access to court at the United States District Court for the Southern District of New York for redress grievances as matter of law, the supreme Law of the Land, without paying an access fee and without having to take on a forced status via *in forma pauperis*.

### **Brief Statement of CLAIM**

47. The record reflects that PR, one of 'we the people' is not a criminal, has no criminal history or record and has been an avid volunteer in service to the community.

48. The record reflects that each of the defendants were acting in her capacity as a state or local government official, public servant at the time of the occurrence of the acts complained of herein.

49. The record reflects that on Thursday, February 1, 2024 at approximately 3:41p.m John Doe NYPD Officers 1-5 acting under color of law took/towed PR's private lawfully parked/placed car (black 2016 Hyundai Sonata) without notice, legal justification, warrant or due process and under false pretenses.

50. The record reflects that there were no tickets or outstanding tickets on PR's private car prior to the color of law taking of PR's private car, which further proves that PR's private car was targeted and there was no basis for the towing and it was retaliatory. *A copy of the NYC Department of Finances All Summonses Plate Inquiry Report ID: SLPRT120 dated February 7, 2024* is attached hereto as **Exhibit A.**

51. The record reflects that PR was not on legal time and the subject private car (black 2016 Hyundai Sonata)was  not in commerce at the time of the towing nor ever used for commerce.

52. The record reflects that prior to the subject color of law seizure, PR had filed a formal complaint against defendant Harriott, an NYPD officer, for unlawfully entering Plaintiff's vehicle without consent or legal cause on October 13, 2023.

53. The issue is ripe with controversy as PRs car has not been returned nor the contents thereof nor compensation or due process given for PR private property in violation of the Fifth Amendment's takings clause.

54. Based on the foregoing petitioners should not be compelled to apply for a privilege via the inapplicable *In forma pauperis* in order to access the court for redress of grievance.

**Wherefore** Petitioner requests the following:

a) An Order granting Petitioner's access to this Court for redress of grievances pursuant to the supreme Law of the Land, First Amendment right to redress of grievances without the payment of any court access fee; and

b) An Order pursuant to the supreme Law of the Land  1st, 4th , 5th , 6th, 7th , 8th , 9th and 10th Amendments of the supreme Law of the Land prohibiting the Court Clerks from compelling petitioners to file a mandatory *in forma pauperis* (IFP) form and identify under an IFP status ("prisoners, paupers, poor persons, indigent" or statutorily defined pro se as opposed to attorney-in fact/attorney per cplr105(c ) to obtain access to this Court for redress of grievances without the required payment of any court access fee; and

c) for other and further relief that is just and proper for petitioners as secured by the supreme Law of the Land, the republic.

### Certification

I, Marilyn Daniels, a woman, one of 'we the people' affirm without the United States that the foregoing is true and correct to the best of my knowledge and not made for nor intended to be used for fraud, misprision, misrepresentation nor usurpation and I believe it to be true. All Rights Reserved.
Executed this 30th day of April, 2025                    By: *Marilyn Daniels,* private woman,
                                                                    one of 'we the people' Beneficiary of the Trust
                                                                    All Rights Reserved.
                                                                    Non-resident/non-subject

## CERTIFICATE OF GOOD FAITH

I, Marilyn Daniels, a woman, hereby certify that I bring this matter in good faith, in the interest of justice in support of the supreme Law of the Land, the republic, in Congress Assembled First Continental Congress 1791 and "the Judges in every state shall be bound thereby". Petitioner is one of "we the people", whose rights have been and are being violated under color of law by unethical public servants who have violated the Constitution and dishonored their Constitutional Oaths. Thus as one of 'we the people' and beneficiary of the Constitutional Trust and Treaties, I make this **Notice and Motion with Affidavit in Support to Proceed per the First Amendment right to redress and access the court without paying a court access fee** in GOOD FAITH.

I certify without the United States that the foregoing is true and correct to the best of my knowledge and not made for nor intended to be used for fraud, misprision, misrepresentation nor usurpation and I believe it to be true. All Rights Reserved.

Autographed this 30th day of April, 2025

By:*Marilyn Daniels, Beneficiary*
one of 'we the people' Beneficiary of the Trust
All Rights Reserved Non-resident/non-subject
*Attorney-in-fact/Attorney per CPLR 105(c)*


## CERTIFICATE OF SERVICE

I, Marilyn Daniels, a woman, one of 'we the people' hereby certify that on this 1st day of May, 2025, the within Notice and Motion with Affidavit in Support to Proceed per the First Amendment right to redress and access the court without paying a court access fee were presented to the clerk as agent for the chief clerk for filing :

TO: Chief Court Clerk  Tammi M. Hellwig
at the United States District Court Southern District
500 Pearl Street room 105 , New York, NY 10007

By:*Marilyn Daniels, Beneficiary*
one of 'we the people' Beneficiary of the Trust
All Rights Reserved Non-resident/non-subject
*Attorney-in-fact/Attorney per CPLR 105(c)*

Exhibit "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of america ex rel Marilyn Daniels,

_____

(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

_____

THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, NYPD TRAFFIC ENFORCEMENT, JOHN DOE NYPD OFFICERS

(full name(s) of the defendant(s)/respondent(s))

_____ CV _____ ( ) ( )

(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1.  *Are you incarcerated?*   ☐ Yes   ☒ No   (If "No," go to Question 2.)
    I am being held at: _____

    Do you receive any payment from this institution? ☐ Yes   ☐ No

    Monthly amount: _____

    If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2.  Are you presently employed?   ☐ Yes   ☒ No

    If "yes," my employer's name and address are:

    Gross monthly pay or wages: _____

    If "no," what was your last date of employment?   Oľiuple

    Gross monthly wages at the time: _____

3.  In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

    (a) Business, profession, or other self-employment   ☐ Yes   ☐ No
    (b) Rent payments, interest, or dividends   ☐ Yes   ☐ No

SDNY Rev: 8/5/2015

Exhibit "C" to Predator Supplemental Memorandum of Law

(c) Pension, annuity, or life insurance payments     ☐ Yes    ☐ No *1st amendment 4th amendment 5th amendment*

(d) Disability or worker's compensation payments     ☐ Yes    ☐ No *1st amendment 4th amendment 5th amendment*

(e) Gifts or inheritances     ☐ Yes    ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.)     ☐ Yes    ☐ No

(g) Any other sources     ☐ Yes    ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

not applicable

If you answered "No" to all of the questions above, explain how you are paying your expenses:
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Constitution for the United States of America, the republic. The right against

4. How much money do you have in cash or in a checking, savings, or inmate account?
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Consti

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Constitution for the United States of America, the republic. The right against

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Constitution for the United States of America, the republic. The right against

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Constitution for the United States of America, the republic. The right against

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:
Petitioner hereby invokes 1st, 4th, 5th, 9th and 10th Amendments of the Constitution for the United States of America, the republic. The right against

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

April 30, 2025           Daniels, Marilyn
_____         _____
Dated               Signature

Daniels, Marilyn
_____
Name (Last, First, MI)         Prison Identification # (if incarcerated)

mail location: c/O 25 Lafayette Avenue 6C Brooklyn      New York republic   [11217]
_____    _____    _____   _____
Address           City           State    Zip Code

_____         _____
Telephone Number         E-mail Address (if available)

IFP Application, page 2