UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA, EX REL. Marilyn Daniels,
 Plaintiff,

V.

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, NYPD TRAFFIC ENFORCEMENT,
JOHN DOE NYPD OFFICERS 1-5(in their official and
individual capacities), Proshana R. Harriott of the
88th Precinct (official and individual capacity) Detective Eli
of NYPD Internal Affairs( official and individual capacity), and
Eric Basin, Commissioner NYPD Tow Pound (official and individual
capacity),  Preston Niblack, Commissioner NYC Department of Finance
(official and individual capacity,) NYC Department of Finance Vehicles
Bureau/Bureau of Towing, Voucher#4245580, and Miguel A. Iglesias,
Commissioner NYPD IAB (official and individual capacity),
 Defendants.

Case No.:1:25-CV-03341-DG



*MOTION TO*
*DISQUALIFY*
*DIANE GUJARATI*
*pursuant to*
*28 USC 455 a*
*and*
*Due Process Clause*

Comes Now, I, Marilyn Daniels, a woman, one of 'we the people', beneficiary of the Trust, come in peace
with cleans hands and a clean hart in OBJECTION to the BAD FAITH acts and conduct of DIANE
GUJARTIT that is prejudicial to the administration of justice on and for the record.  Public Service is a
Public Trust DIANE GUJARATI has violated that trust and plaintiff hereby files this Notice of
Disqualification of **DIANE GUJARAIT YOU ARE HEREBY DISQUALIFIED** for the following bad
faith conduct, conflict of interest and conduct prejudicial to the administration of justice pursuant to 28
U.S.C. § 455a, and states as follows:

## GROUNDS FOR DISQUALIFICATION

1. Plaintiff respectfully moves to disqualify the assigned Magistrate Judge under 28 U.S.C. §
   455(a), based on the appearance of impropriety and lack of neutrality created by the
   circumstances of the judge's assignment to this matter.

2. The assigned judge previously presided over a **completely unrelated civil case** involving
   Plaintiff in the Eastern District of New York, approximately two years ago. In that prior
   matter, Plaintiff filed a motion seeking the judge's recusal based on conduct prejudicial to
   the fair administration of justice.

3. While the prior case has no bearing on the legal claims here, the **reassignment of this
   sensitive, high-profile constitutional case to the same judge — immediately following
   protected activity by Plaintiff in SDNY — creates a strong appearance that the
   transfer was retaliatory and coordinated**, particularly given the timing and lack of notice.

4. The EDNY court issued an order mischaracterizing a constitutional motion as a routine fee application and warned of imminent dismissal — all before Plaintiff was even notified that the case had been docketed or assigned.

5. The record reflects that Diane Gujarati is incompetent, negligent, a discriminator based on race, color or creed, in that she has a history of displaying said conduct with this plaintiff.

6. The record reflects that on July 7, 2023 plaintiff filed a Notice of Disqualification pursuant to 28 USC 455a creating a conflict for this unrelated case to have been assigned to the unethical judge. See *A copy of the prior Notice of Disqualification of Diane Gujarati with cover letter to EDNY with EDNY time stamp* attached hereto as **Exhibit A.**

7. This case was specifically assigned to DIANE GUJARATI because of her prior history of bad faith conduct against the plaintiff which was prejudicial to the administration of justice and in order to assist the  high-level public officials defendants in obstructing this case from moving forward.

8. Details are outlined in the attached motion to Disqualify DIANE GUJARATI, Plaintiff's Declaration dated July 14, 2025 (1:25-cv-03341-DG) and Plaintiff's Declaration dated June 28, 2023(1:22-CV-00433-dg) -both Declarations are incorporated herein by reference as if fully set forth herein..

9. The record reflects that this case was transferred from SDNY to EDNY and assigned to DIANE GUJARATI so that she could earn her points in administering conduct prejudicial to the administration of justice.

10. **Due Process Violation**: Under Rule 5(b) and due process principles, parties are entitled to **notice of court actions**, particularly when a deadline or dismissal is at stake.

11. The record reflects that Plaintiff was **never formally notified** that the EDNY case had been opened or assigned. The **only document received** was an **unsigned electronic copy of an order** dismissing a motion which had been **misidentified** as an in forma pauperis application — when in fact, the motion invoked **constitutional protections under the First Amendment**. The order imposed a **July 16, 2025 deadline** to pay a fee or face dismissal, despite Plaintiff's complete lack of notice that the matter was active or docketed in this district.

12. A  court **must address** constitutional claims when raised.

13. If a litigant argues that a **retained or reserved right** is being denied, the court **cannot ignore it**—it must offer a **reasoned, lawful response**.

14. Dismissing a First Amendment access claim without addressing the broader **constitutional framework**, especially where rights are asserted under the **Ninth and Tenth**, could violate **due process** itself.

15. The record reflects that the court (EDNY) **only sent plaintiff an unsigned copy of an electronic order** (without formal docketing notice or service) which **fails that standard.** *A copy of the*

*electronic order* is attached hereto as **Exhibit B.**

16. The record reflects that the copy of the electronic order dated July 2, 2025 indicates that there is an attached Order which there was nothing in the envelope but the 2 page copy of the electronic order. Plaintiff believes that this is more of the bad faith gatekeeping conduct of the court in retaliation for plaintiff reporting their bad faith conduct.

17. The record reflects that plaintiff does not have and did not open a PACER account and therefore had not way of knowing that an Order was issued outside of the direct mailing.

18. The record reflects that the EDNY clerk mailed the plaintiff a copy of an unsigned electronic order dated July 2, 2025 in a EDNY court envelope with a red quadient court stamp of July 2, 20225 but a USPS postmark of July 7, 2025 Mid-Island NY. It is a known fact that the legal community uses office postal machines such as the quadient red stamp to backdate mailings. A pattern of unethical conduct in the legal community. *A copy of the court envelope postmarked July 7, 2025 Mid-Island NY is* attached hereto as **Exhibit C**

19. The record reflects that the judge mentioned in the order, Diane Gujarati did not provide any basis for the denial of the Constitutional motion except for the boilerplate IFP denial case *Coppedge v. United States* which is inapplicable as plaintiff's motion was a First Amendment Constitutional motion not an IFP application.

20. The record reflects that in July 2023 Plaintiff previously filed a Notice to Disqualify Diane Gujarati for her bad faith acts in an unrelated case two years ago. Because Plaintiff pointed to the record of the bad faith conduct of the SDNY CJ Laura Taylor Swain, the case was transferred to EDNY and assigned to Diane Gujarati in retaliation and for further obstruction of plaintiffs rights. See Exhibit A hereto.

21. DIANE GUJARATI deliberately mischaracterized plaintiff's Constitutional motion to proceed pursuant to the First Bill of Right of the supreme Law of the Land and access the Article III court without paying a fee as an IFP application- which it was not.

22. On and for the record Plaintiff objects to the mischaracterization of plaintiff's Constitutional motion as an IFP application — treating a constitutional challenge as an IFP form trivializes the substance and **chills the right to petition.No Opportunity to Respond**: The record reflects that plaintiff had **no way to timely object or correct** the court's error (misidentification of Plaintiff's motion) because plaintiff was not informed that the case had even been opened in EDNY.

23. The record reflects that Plaintiff does not have a PACER account. Plaintiff never received formal service of the case transfer, nor any court notification regarding the EDNY docketing, until she was sent a copy of an unsigned **electronic order** dated July 2, 2025 — which incorrectly referred

to her motion as an IFP request and imposed a deadline for payment.

24. The record reflects that plaintiff is the only party who will be harmed by this order in fact it will further the retaliatory and gatekeeping conduct done to protect the bad faith public servant defendants, that began since plaintiff filed this case.

25. The record reflects that there is a conspiracy against plaintiffs rights in that NYC Law Department issued a letter dated July 11, 2025 claiming that SDNY dismissed the case. They failed to mention that the case was transferred to EDNY. A copy of the NYC Corp Counsel letter dated July 11, 2025 is attached hereto as **Exhibit D.**

26. **First Amendment Retaliation Is Still Unaddressed**: On and for the record Plaintiff objects to the mischaracterization of plaintiff's Constitutional motion as an IFP application — treating a constitutional challenge as an IFP form trivializes the substance and **chills the right to petition**.

27. On and for the record Plaintiff hereby makes a Rule 46 objection of the subject mischaracterization of plaintiffs constitutional motion which itself becomes part of the court's retaliation and conduct prejudicial to the administration of justice.

28. **Improper Judicial Administration**: The record reflects that the EDNY court proceeded with assigning a judge , Diane Gujarati(whom plaintiff previously filed a 28 USC 455a Notice of Disqualification two years ago  in July 2023 at EDNY) and that judge deliberately in retaliation imposed a dismissal timeline — **without notifying plaintiff** — suggests bad faith coordination between courts.

29. On and for the record Plaintiff objects to the fact that the EDNY court proceeded with assigning a judge who has a grudge against plaintiff for a prior bad faith report made against that judge as aforementioned.

30. On and for the record Plaintiff objects to Diane Gujarati's deliberate and retaliatory imposed dismissal timeline — and delayed mailing of a baseless and mischaracterized order dated July 2, 2025.

31. On and for the record Plaintiff objects to the appearance that the electronic order was sent out to buy time to create a paper order which was not attached tot the electronic copy; all a part of the judicial retaliatory gatekeeping conduct and suggests bad faith coordination between courts.

32. The record reflects there is a Motion to Vacate and Void the SDNY dismissal and transfer orders (filed July 7, 2025);

33. The record reflects that an Emergency Motion to Stay Venue Transfer was filed July 9, 2025 in SDNY (plaintiff was unaware of the EDNY order dated July 2, 2025);

34. The record reflects there is a **pending constitutional challenge** filed in SDNY May 30, 2025 which was never directly addressed and instead suppressed and bundled as a motion for reconsideration.

35. Plaintiff was also informed by EDNY clerk that plaintiff has to fill out an application in order to pay the fee electronically otherwise plaintiff would have to come in person- there was no other way.

36. Plaintiff was informed by the court clerk that plaintiff could only file documents in person until an application to file electronically was submitted in person.

37. The Motion to Disqualify DIANE GUJARATI is filled herewith.

38. Plaintiff was not given any notice or opportunity to object and the fact that Diane Gujarati committed misconduct in a prior proceeding related to plaintiff— creates a reasonable appearance of impropriety that warrants disqualification under 28 U.S.C. § 455(a) and the DUE PROCESS CLAUSE.

39. The record reflects that Diane Gujarati violated Article VI clause 2 by ruling on a case to which she has a clear conflict of interest and her incompetent, negligent or criminal mischaracterization of Plaintiff's **First Amendment Constitutional Motion** as a routine **in forma pauperis** application. The motion was clearly labeled as a Motion to Proceed pursuant to the First Bill of Right of the supreme Law of the Land.

40. The Plaintiff asserts that the denial of the motion to proceed without payment of filing fees violates not only the First Amendment right to petition the government for redress of grievances but also implicates rights retained and reserved to the people under the Ninth and Tenth Amendments to the United States Constitution. The First Amendment's protection of court access is a foundational component of a free society, and any governmental action that imposes financial barriers on that access must be subject to strict scrutiny and constitutional accountability. See *Boddie v. Connecticut, 401 U.S. 371 (1971); M.L.B. v. S.L.J., 519 U.S. 102 (1996); United States v. Kras, 409 U.S. 434 (1973)*

41. Furthermore, the Ninth Amendment explicitly provides that the enumeration of certain rights in the Constitution shall not be construed to deny or disparage others retained by the people. Among those retained rights is the inherent, natural right to seek justice and to be heard in a court of law—particularly where constitutional violations are alleged. The Tenth Amendment reinforces this framework by reserving powers not delegated to the federal government, nor prohibited to the states, to the people themselves. These amendments make clear that the rights of individuals cannot be extinguished by procedural formalities or financial hurdles imposed by the state or

federal judiciary.

42. Therefore, the Plaintiff respectfully submits that the Court must evaluate the totality of constitutional protections at stake, not merely the First Amendment's textual guarantees, but also the broader framework of liberty embodied in the Ninth and Tenth Amendments. Denying access to justice on economic grounds, without addressing these constitutional dimensions, undermines the rule of law and the legitimacy of the courts as institutions open to all persons—not just those who choose to or are required to pay as commercial entities. Plaintiff is not a commercial entity. Plaintiff is one of 'we the people" with a fundamental right to access the court for redress of grievance, not to pay for justice, which shall not be delayed, denied or sold.

43. Dismissal under these conditions would violate due process and Plaintiff's First Amendment rights and public harm as the further erosion of public trust in a system in which public servants help each other violate the Constitution and the rights of the people— harms which cannot be remedied on appeal.

44. The aforementioned conduct undermines public confidence in the court's neutrality and violates Plaintiff's right to a fair tribunal.

45. Based on the foregoing, Plaintiff respectfully moves to disqualify DIANE GUJARATI, the assigned Judge, from this proceeding and requests reassignment to a neutral judicial officer with no prior history involving Plaintiff, and Protect due process and First Amendment rights and enforce Article VI of the Constitution for the United States of America.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

A. **Disqualify the assigned magistrate judge DIANE GUJARATI** pursuant to 28 U.S.C. § 455a and DUE PROCESS CLAUSE;

B. **Void or strike the magistrate's prior order dated July 2,2025** which mischaracterized a constitutional motion as a motion to proceed in forma pauperis (IFP);

C. **Acknowledge Plaintiff's objection** to magistrate jurisdiction under 28 U.S.C. § 636(c);

D. **Stay proceedings and toll all deadlines** to prevent irreparable harm due to potential statute of limitations (SOL) foreclosure; and

E. Plaintiff was told by the court clerk that there was no way for a "pro se" to pay the filing fee electronically, that plaintiff had to come in physically to pay the fee. This suggests more shenanigans to intimidate and obstruct the plaintiff.

F. Accept Plaintiff's **filing fee under protest**, without waiver of any constitutional or appellate objections.

G. **Enforce Article VI requiring judges to uphold the Constitution** for the United States of America, organic

H. Plaintiff renews her **Rule 46 objection** to EDNY Orders and preserves all constitutional claims for appellate review; and

I. **Acknowledge Plaintiff's objection** to magistrate jurisdiction under 28 U.S.C. § 636(c);

J. Accept Plaintiff's **filing fee under protest**, without waiver of any constitutional or appellate objections.

K. **Stay all proceedings and deadlines** in this matter, including the July 16, 2025 payment deadline pending resolution of Plaintiff's pending constitutional, disqualification, and venue-related motions; and

L. Grant any further relief just and proper pursuant to equity and law, the Constitution for the United States of America, major, organic.

Affirmed without the United States in good faith and true to the best of my knowledge and not made for nor intended to be used for fraud, misprision, or misrepresentation. I believe it to be true.  All Rights Reserved

Dated: July 14, 2025

Respectfully submitted,

By:/s/Marilyn Daniels, one of "we the people"

Beneficiary of the Trust

non-resident/non-subject

Mailing location: % 25 Lafayette Avenue 6C

Brooklyn, New York [111

Notice knowledge and instrument is deemed in law filed at the time it is delivered to the clerk.
See Biffe v. Morton Rubber, Inc 785 S.W. 2D 143, 144 (tex.1990)

To: Court Clerk United States District Court Eastern District

**Re: Docket#1:22-cv-00433-DG-VMS**
Kindly file the attached:
- Affidavit of Objection/Writ of Error/ORDER perlx and X Bill of Rights[Amendments]+attachments
- Disqualification of Justice, Judge or Magistrate



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUL 0 7 2023  ★

BROOKLYN OFFICE

Also please stamp the enclosed Copy as filed/received and return same in the self-addressed stamped envelope.

Thank you for your time and attention in this matter.

Have a great week!

JUL 0 7 2023
PRO S...O...

Marilyn Daniels-El, sui juris
All Rights Reserved

*Exhibit A  Motion to DISQUALIFY DESMO GUJOXATI
to Phant PES' Motion to*
*1:25-CV-03341-DG*

Aboriginal Amexems/Americans /Indigeno       peoples of the Land: North America / Northwest Amexem/North Gate
invoking 9th anf 10th Amendments (       titution for the United States of North America, major, the republic.
in congress assembled First Continental       .791 True and De Jure Natural peoples Aboriginals– heirs of the Land

# NOTICE OF DISQUALIFICATION OF A JUSTICE, JUDGE OR MAGISTRATE JUDGE

To: Diane Gujarati

c/o U.S. District of New York Eastern District     28th  day of June, 2023

225 Cadman Plaza East      *Docket # 1:22-cv-00433-DG-VMS*

Brooklyn, New York [near11201]

I, Marilyn Daniels El, a natural woman, one of we the people, as seen in the Constitution for the United States of North America major. the republic in congress assembled First Continental Congress Supreme Law of the Land, an aboriginal amexem/american indigenous, Moor, de jure American, not a 14th Amendment U.S. Citizen, not a slave, not a corporation. I,Comes Now in peace with cleans hands and a clean heart via Special Appearance, *sui juris,* under threat, duress and coercion of fraudulent eviction proceedings states and OBJECTS to the following acts of Diane Gujarati:

1. The record reflects that Diane Gujarati is a member of the Bar and Committee of the Association of the Bar of the City of New York. **Diane Gujarati YOU HAVE BEEN AUTOMATICALLY DISQUALIFIED BY LAW.**

2. The record reflects petitioner(s) is/are *sui juris in propria persona* and the clerks misidentified them as Pro Se.

3. The record reflects that attorney **Diane Gujarati disregarded the First Bill of Rights [1st Amendment]** of the Constitution for the United States of America by denying redress unless a specific species of payment was paid to the clerk of the U.S. District Court, in violation of said Constitution. **JUSTICE IS NOT FOR SALE**

4. The record reflects that Diane Gujarati either lacks integrity, lacks competency or has a pecuniary interest (or all three) in the matter as her **/s/unsigned Order dated February 17, 2022** provided no lawful basis for denial and was clearly biased and violates said Constitution, Public Policy and Public Integrity. Justice is not for sale.

5. The record reflects Diane Gujarati specifically looked for a case related to so **called** Moorish-Americans and then lumped petitioners into the same category with those persons and their individual dissimilar circumstances and characteristics to justify selling justice by requiring a $402 extortion fee.

6. The record reflects that Diane Gujarati's analysis was arbitrary, capricious and bias based on petitioner's color and nationality/national origin.

7. The record reflects the United States District Court clerk directed petitioner's to pay $500 to appeal said Order.

8. The record reflects **over a year ago** on March 9, 2022 petitioner's filed a Writ of Error/Quo Warranto Appeal of said Order without remitting the $505 extortion fee.

9. The record reflects that **over a year ago** on May 24, 2022 Clerk of Court Catherine O'Hagan Wolfe issued an Order stampaed MANDATE **dismissing said Appeal effective April 25, 2022 for failiure to remit $505.**

10. The record reflects that said Constitution does not require judges/courts to be incentivized by fees to do a job which they are already paid to do via federal funding. **Does Gujarati get a percentage of the extortion fees?**

11. The record reflects that Diane Gujarati Bias and lack of integrity is further reflected in the fact that it took her **one year and 3 months to issue yet another erroneous, arbitrary capricious and bias** unsigned Order dated June 6, 2023 indicating that petitioner(s) appeal would be dismissed by June 20, 2023.

12. The record reflects that Diane Gujarati or her agents **used a Pitney Bowes stamp machine to back date an envelope** containing the **15 month old Order** dated 6/6/2023 as being mailed on 06/08/2023 when in fact it was not received until Friday, June 16, 2023 to prevent petitioner from providing a response per the date in said Order.

13. The record reflects **Gujarati's acts are another sad example of the lack of integrity and ethics in "Courts".**

14. The record reflects that Diane Gujarati's "Order" dated 6/6/2023 has no basis in law or fact and the code [28 U.S.C 1915] has been misapplied. Petitioners are not paupers, prisoners or poor persons. Or federal employees.

15. The record reflects that Diane Gujarati misapplication of the law and refusal to uphold the Constitution would cause a reasonable observer to reasonably conclude that Diane Gujarati is partial to her attorney colleagues.

16. The record reflects that Diane Gujarati issued an Order on an appeal from an Order she issued;conflict of interest.

17. **Pursuant to Title 28 USC 455 Diane Gujarati is and must be disqualified** from case#1:22-cv-00433-DG-VMS as she is a member of the Bar and the record reflects she **is operating unconstitutionally, with bias and partiality** in violation of the Constitution of the United States of North America and any oaths thereto.

Title 28 USCS SECTION 455 DISQUALIFICATION OF A JUSTICE, JUDGE OR MAGISTRATE JUDGE (a) Any justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which impartiality might reasonably be questioned; (b)(4) He knows that he, individually or as a fiduciary... has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding.

Reverantly, Affirmed without the United States that the foregoing is true and correct to the best of my knowledge and not madd for nor intended to be used for fraud, misprism, misrepresentation nor usurpation and I believe it to be true.

Marilyn Daniels, *sui juris,* Special Appearance All Rights Reserved 28rd day of June, 2023

*Exhibit B Motion to DISQUALIFY DIANE GUJARATI*
*to Plaintiffs*
*1:25-CV-03341-DG*

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.

***Additional Security Enhancements Coming Soon*** For information visit PACER website

https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

Eastern District of New York

Notice of Electronic Filing

The following transaction was entered on 7/2/2025 at 1:04 PM EDT and filed on 7/2/2025

| | |
|---|---|
| Case Name: | Daniels v. The City of New York et al |
| Case Number: | 1:25-cv-03341-DG-VMS |
| Filer: | |
| Document Number: | 27 |

Docket Text:
ORDER denying [23], [24] -- For the reasons set forth in the attached Order, Plaintiff's request to proceed without paying the requisite $405 in filing fees, *see* ECF Nos. 23 and 24, is DENIED. If Plaintiff fails to pay the requisite $405 in filing fees by July 16, 2025, this action shall be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff. SEE ATTACHED ORDER. Ordered by Judge Diane Gujarati on 7/2/2025. (KHA)

1:25-cv-03341-DG-VMS Notice has been electronically mailed to:

1:25-cv-03341-DG-VMS Notice will not be electronically mailed to:

Marilyn Daniels
25 Lafayette Ave

*Exhibit B*
*As Plaintiff Motion to DISQUALIFY DIANE GUYARATI*
*1:25-CV-03341*

Apt. 6C
Brooklyn, NY 11217

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=7/2/2025] [FileNumber=20158214-0]
[e63c55f1902422e9d1868e96935338a88b97cfa790bc403ec9ac10e26c68d103e6ad1
a1bd678b8aa8dc6c3c9b44466cbe75ab62f3480881386408d3796a210d8]]

Exhibit C
To Plaintiffs Motion to Disqualify District Attorney
1:25-cv-03341-DG

**CLERK OF U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300



MID-ISLAND NY
MID-ISLAND NY
7 JUL 2025 PM
7 JUL 2025 PM

quadient

FIRST-CLASS MAIL
IMI
$000.69

POSTAGE

Marilyn Daniels
25 Lafayette Ave Apt. 6C
Brooklyn, NY 11217

11217-143363



MURIEL GOODE-TRUFANT
*Corporation Counsel*

**NEW YORK CITY**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NEW YORK 10007

MARTIN K. ROWE III
*Assistant Corporation Counsel*
212-356-2516
martrowe@law.nyc.gov

July 11, 2025

Clerk of the Court
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, New York 10007
civilcases@ca2.uscourts.gov

Re:    *Daniels v. City of NY et al.*
       Docket No. 25-1578

To the Hon. Clerk of the Court:

The New York City Law Department respectfully requests that it no longer be identified as counsel for respondents on the docket for this appeal. Because the district court dismissed the complaint sua sponte—evidently before service of process was completed—respondents did not appear below and the Law Department has not entered an appearance on their behalf.

Thank you for your consideration.

Respectfully submitted,

MURIEL GOODE-TRUFANT
*Corporation Counsel*
*of the City of New York*
Attorney for Respondents

By: _____
M          . Rowe III
A          Corporation Counsel

Exhibit D
to Plaintiff's Motion to Disqualify DEANE GIAMCATI
1:25-CU-03341-DG